# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 4:13-cr-00015-TWP-MGN |
| TYCIA PETERSON (04), | ) ) ) | |
| Defendant. | ) | |

**Entry on Motion to Address Court Regarding Restitution Payments**

This matter is before the Court on numerous motions filed by Defendant Tycia Peterson, asking to address the district court to address payment of restitution that has been ordered.

Judgment was entered in this case on November 13, 2013. The Defendant was sentenced to 39 months in prison, with and assessment of $300.00 and restitution of $21,818.89. The Judgment also provides that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." *Id.*

The Bureau of Prisons ("BOP") has attempted to collect the restitution obligation under the authority of the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.10-11. The defendant does not dispute the existence of the debt, but argues that the amount the BOP has ordered to be paid per motion "will place an undue hardship on [her] mother." The Defendant has requested that this Court enter "a set repayment amount into record that is reasonable and fair . . . ."

The IFRP establishes a procedure for encouraging inmates to pay their legitimate financial obligations. 28 C.F.R. § 545.10. "Court-ordered restitution" and "special assessments" are

specifically included in the obligations that are subject to the inmate's IFRP plan. 28 C.F.R. § 545.11(a)(2). The Seventh Circuit has held that the BOP is authorized to use the IFRP to ensure that inmates make "good-faith progress" toward satisfying their court-ordered obligations. *McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir. 1999). The BOP has the authority to administer the IFRP and the Court lacks authority to override the BOP's administration. *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008) ("Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices.").

If the Defendant wishes to challenge her IFRP payment plan, after she exhausts her administrative remedies, she may file a petition under 28 U.S.C. § 2241 in the district of her incarceration. *See United States v. Diggs,* 578 F.3d 318, 319 (5th Cir. 2009); *Ihmoud v. Jett,* 272 F.edAppx. 525 (7th Cir. Apr. 3, 2008) (The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241.").

For the above reasons, the Defendant's Motions to Address Court Ordered Restitution Payments [dkt. 311], [dkt 312], [dkt 320], and [dkt 321] are each **DENIED.**

**IT IS SO ORDERED.**

Date: 02/02/2015

*signature*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Tycia Peterson
11327-028
Alderson FPC
Glen Ray Rd. Box A
Alderson, WV 24910